JONI J. JONES (7562)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
Salt Lake City, UT 84114
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: *jonijones@agutah.gov*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE STATE OF UTAH, DEPARTMENT OF ADMINISTRATIVE SERVICES, DIVISION OF RISK MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:21-cv-00072-JCB<br><br>Judge: Jared C. Bennett |

The State of Utah, Department of Administrative Services, Division of Risk Management, complains against Lexington Insurance Company as follows:

## JURISDICTION AND VENUE

1. The Department of Administrative Services is a department of the State of Utah and the Division of Risk Management is a division within Administrative Services.

2. The Department of Administrative Services is located in Salt Lake County.

3.     Upon information and belief, Lexington Insurance Company is a corporation licensed to do business in the State of Utah, with its principal place of business in Boston, Massachusetts.

4.     The Court had jurisdiction over this case under 28 U.S.C. § 1332.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

6.     The Division of Risk Management is the insurer for the State of Utah and its agencies.

7.     The Risk Fund insures state entities for property or personal injury up to $1 million.

8.     The State of Utah, through its Division of Risk Management, purchased an excess liability policy from Lexington Insurance Company effective July 1, 2013, through July 1, 2014. A copy of the Declarations of the policy is attached as Exhibit A and incorporated herein by reference.

9.     The policy covers loss in excess of the "retained limit" of $1 million.

10.    Section II. U. of the policy defines "loss amounts" as "damages" which "shall also include all fees, including legal fees, costs and expenses."

11.    On or about March 2, 2018, the Division of Risk Management notified AIG Claims, Inc., the claims administrator for Lexington Insurance Company, that Risk had incurred defense costs in excess of $1.195 million in defending GeoMetWatch Corporation v. Utah State University, case no. 1:14-cv-00060, and requested reimbursement for defense costs under the policy. A copy of the March 2, 2018 letter is attached as Exhibit B and incorporated by reference.

12.     In response, on April 19, 2018, AIG wrote to Kenneth Canada, the broker for Risk Management's excess coverage policies, and requested information from the GeoMetWatch case, specifically: documentation of attorney fees and costs; all written discovery; discovery responses, and all deposition transcripts. A copy of AIG's letter is attached as Exhibit C and incorporated by reference.

13.     The GeoMetWatch case was under a protective order, requiring the AIG employees who were to review the requested documents to sign a disclosure agreement, agreeing to comply with the protective order.

14.     On November 22, 2018, one of the attorneys representing Risk's insured in the GeoMetWatch case sent AIG a letter, along with the requested documents, and a reminder of the need to comply with the protective order.

15.     On May 16, 2019, Risk Management wrote to AIG requesting a response to its claim for reimbursement of defense costs. A copy of the letter is attached as Exhibit D and incorporated by reference.

16.     On July 8, 2019, Risk Management again requested a response to its claim for reimbursement of defense costs in the GeoMetWatch case.   A copy of the July 8, 2019 letter is attached as Exhibit E and incorporated by reference.

17.     On April 30, 2020, the Director of Risk Management wrote a letter to AIG regarding its failure to pay the defense costs in GeoMetWatch, as well as in another case, Barneck v. Utah Department of Transportation. A copy of the April 30, 2020 letter is attached as Exhibit F and incorporated by reference.

18. The April 30th letter states, in relevant part:

> The intent of this letter is to resolve all outstanding legal fees and costs associated with the above-referenced claims, which were timely noticed to AIG and defended by the Utah Attorney General's Office (AGO) without objection under your adjuster's supervision. Though this arrangement was accepted by AIG for years, AIG has recently taken the detrimental position that defense costs incurred by the Utah Division of Risk Management (DRM) are not covered and that AGO's fees are considered employee salary under your policy.

19. AIG has never put into writing a response as to whether they will pay the defense costs the Division of Risk Management incurred in GeoMetWatch v. Utah State University, et al. The federal claims in that case are currently on appeal to the United States Court of Appeals for the Tenth Circuit and the state claims are being litigated in Utah state court.

20. The Division of Risk Management continues to incur attorney fees in the GeoMetWatch case.

21. The current costs and attorney fees in GeoMetWatch exceed $1.8 million.

22. AIG has effectively denied coverage to the State of Utah for defense costs it incurred without any written explanation of the denial.

## BREACH OF CONTRACT

23. The State incorporates by reference the allegations of paragraphs 1 through 22 above.

24. Lexington Insurance Company has a contractual duty to insure the State for damages it incurs, including defense costs, that exceeds the retained insured amount of $ 1 million

4

25. Lexington Insurance Company, through its agents, has failed to pay the State for the damages it incurred in GeoMetWatch, despite being timely notified of the case and of the costs in excess of $ 1 million that Risk Management has incurred.

26. Lexington Insurance Company's failure to pay the State damages that are provided for under the State's policy constitutes a breach of contract.

27. As a result of Lexington Insurance Company's breach, the State has been damaged by having to pay defense costs in excess of the $ 1 million in retained insurance, paying itself for damages that Lexington Insurance Company agreed to pay under the policy.

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

28. The State incorporates by reference the allegations of paragraphs 1 through 27 above.

29. Lexington Insurance Company has failed to act reasonably in failing to notify the State whether it has accepted or rejected the State's claim for defense costs under the policy.

30. Lexington Insurance Company's conduct, by failing to respond in writing to the State's demands for over two-and-one-half-years, and by suggesting a legally questionable basis for denying payment of defense costs Risk Management has incurred, amounts to a breach of the covenant of good faith and fair dealing.

31. As a result of Lexington Insurance Company's breach of the covenant of good faith and fair dealing, the State has been damaged by having to pay defense costs exceeding its retained insurance, which include, but are not limited to, attorney's and fees costs.

WHEREFORE, the State prays for damages and judgment as follows:

a. A determination that Lexington Insurance Company is required to pay the State's defense costs the State has incurred and continues to incur in excess of the retained insurance amount under the policy;

b. An award of attorney fees and costs in excess of the retained insurance amount the State has incurred in defending the GeoMetWatch case;

c. An award of attorneys fees and costs in prosecuting this action;

d. Pre-judgment and post-judgment interest;

e. Any other costs and damages the Court deems appropriate.

DATED this 3rd day of February 2021.

*/s/ Joni J. Jones*
JONI J. JONES
Assistant Utah Attorney General
Attorney for State of Utah, Department of
Administrative Services, Division of Risk
Management